IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN R. LILLEY, JR., | ) |
| Plaintiff | ) Case No. 1:21-cv-149 Erie |
| v. | ) |
| ERIE COUNTY COURTHOUSE CRIMINAL DIVISION and PSP MLS, | ) SUSAN PARADISE BAXTER ) UNITED STATES DISTRICT JUDGE |
| Defendants | ) |

**MEMORANDUM OPINION**

**I. Plaintiff's Motion for Leave to Proceed in forma pauperis**

Plaintiff John Lilley filed a motion seeking leave to proceed *in forma pauperis* [ECF No. 1], along with a proposed original complaint on May 24, 2021. ECF No. 1-1. Based on Plaintiff's averments in the motion, it appears that he is without sufficient funds to pay the filing and administrative fees associated with this case. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis will be granted.

**II. Standard of Review**

Because Plaintiff is seeking redress "from a governmental entity or officer or employee of a governmental entity," his pleadings are subject to the screening provisions in 28 U.S.C. § 1915A. In pertinent part, § 1915A provides that a court "shall . . . dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(2). In performing this mandatory

1

screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Banks v. County of Allegheny*, 568 F.Supp.2d 579, 587-89 (W.D. Pa. 2008).

### III. Discussion and Review of Pleadings

Plaintiff filed this action on May 24, 2021. Plaintiff failed to sign the original complaint and he failed to supply a factual narrative describing the incident at the heart of his allegations with enough specificity to place Defendants on notice as to the violations being asserted. To the extent any allegations were provided, they were largely incoherent. His entire pleading stated as follows:

> My completion of Megan started 2019 June 1. I am still to update according to SORNA. Last update 7/9/20. 10 year term. Start 7/9/2009.

ECF No. 1-1. As relief, Plaintiff sought:

> Statute relief – 2.12bill. Relief of sex offender registry notification act has relieved me of lifetime registry to a 10 yr term. The ten year term has been disposed since June 19, 2019.

*Id*.

By Order dated May 24, 2021, rather than dismiss the case pursuant to the screening provisions of § 1915A, the Court provided lengthy and extensive instructions detailing how to file an amended complaint and offering the opportunity to submit a pleading that complied with Rules 8 and 11 of the Federal Rules of Civil Procedure. ECF No. 3. Among many other things, the Court advised Plaintiff to:

- identify himself and each of the Defendants;
- state a basis for jurisdiction;

- identify the rights under the Constitution, laws, or treaties of the United States that he believes have been violated;

- provide a factual description as to how each Defendant violated those rights, including, if possible, dates, times, and locations;

- describe his actual injury; and

- state the relief that he is seeking through this lawsuit.

*Id*.

Plaintiff filed a proposed amended complaint the same day. ECF No. 5. In a single page, Plaintiff restated his case as follows:

> I have completed a ten year term of Megan's Law Registry from July 9, 2009 to July 2019. I have attached print out for exhibit: 901/3123. I am still currently being ordered to comply with as of July 22020 with address updated. Request: $2,125,000,000.

*Id*. This one paragraph is Plaintiff's amended complaint **in its entirety**. Although the amended complaint lacked a caption, the document indicated that it was "against: PSP MLS." *Id*.

Because Plaintiff's amended complaint was still deficient in several ways, by Order dated July 14, 2021, the undersigned again directed Plaintiff to file an amended complaint. The Court explained that, at a minimum, Plaintiff "**must** identify the **individual actors** who allegedly violated his constitutional rights, **name them as defendants**, and explain how they violated his rights and which **rights** were violated." ECF No. 7 (emphasis in original). Plaintiff was directed to file the amended complaint by August 10, 2021 and was warned that failure to comply with the instructions could result in the dismissal of this action. *Id*.

On July 15, 2021, Plaintiff filed a pleading docketed as the second amended complaint. ECF No. 8. The pleading is one page in length and contains no caption. Instead, the filing reads, in its entirety:

3

> My name is John Lilley. I have completed my ten year term of Megan's Law Registry. I am still currently being ordered to comply with Megan's Law Registry as of July of 2020. My proof is attached from the PSP MLS address update printout. 901/3123. My starting year was 2009. I believe my civil rights have been violated by the Pennsylvania State Police Megan's Law Section. $ Request 2,125,000,000.

*Id*. Although the filing references an attached document, no document is attached.

Plaintiff also filed a supplement to the second amended complaint, which reads in its entirety:

> My name is John Lilley. I have completed a ten year term of Megan's Law Registry that started in the year 2009. My proof is submitted for the year I started and my address updating status as order of Megan's Law Section of the PSP. I am still ordered on document 901/3123 in the year 2020 to update Megan's Law Registration after a ten year term has ended by Court Order of the Commonwealth of Pennsylvania. I believe this violates my civil rights in the Commonwealth of Pennsylvania who requires me to register. $ Request 2,125,000,000.

*Id*. Again, although the filing references an attached document, none were attached.

Even if these bare-bones allegations could be construed as asserting a legal claim, Plaintiff's filings suffer from another fatal deficiency: Plaintiff has failed to identify a viable Defendant for his civil rights claims. Plaintiff's second amended complaint and the supplement to the second amended complaint do not identify any defendant. Plaintiff's amended complaint only identifies "PSP MLS" as a Defendant. In his original complaint in this case, Plaintiff named "Erie County Courthouse Criminal Division," as well as "PSP MLS." It is axiomatic that an amended complaint "is a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Williams v. Ferdarko*, 2018 WL 3653272, at *1 n. 1 (W.D. Pa. Aug. 1, 2018). However, because Plaintiff is a pro se litigant, the Court will, for purposes of this Order, assume that Plaintiff intended to retain both Defendants identified in his original pleading.

4

Because he is seeking monetary damages for an alleged violation of his constitutional rights, Plaintiff's claims arise pursuant to 42 U.S.C. § 1983. To state a claim, Plaintiff must allege: "(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011).

It is well-settled that a state is not a "person" for purposes of § 1983. *See*, *e.g.*, *Patterson v. Pa. Liquor Control Bd.*, 915 F.3d 945, 956 n.2 (3d Cir. 2019) ("[A] state, including an entity that is an arm of the state, is not a 'person' under 42 U.S.C. § 1983, and therefore cannot be sued for damages under that statute."). The same is true of the Erie County Court of Common Pleas or the Erie County Courthouse. *See*, *e.g.*, *Callahan v. City of Philadelphia*, 207 F.3d 668, 673 (3d Cir. 2000) (holding that a county court of common pleas is a state entity and thus not a "person" under § 1983). States and state agencies are also entitled to Eleventh Amendment immunity from all claims arising pursuant to § 1983. *Anthony v. Burns*, 2021 WL 1670131, at *3 (W.D. Pa. Apr. 8, 2021) ("[T]he Eleventh Amendment proscribes actions in the federal courts against states, their agencies, and state officials acting within their official capacities."), *report and recommendation adopted*, 2021 WL 1662835 (W.D. Pa. Apr. 28, 2021); *Gittens v. Kelly*, 790 Fed. Appx. 439, 441 (3d Cir. 2019) ("Pennsylvania's judicial districts, including the Erie County Court of Common Pleas, . . . are entitled to Eleventh Amendment immunity."). Likewise, claims for damages against the Pennsylvania State Police[1] are also barred by Eleventh Amendment immunity. *See Atkin v. Johnson*, 432 Fed. App'x 47 (3d Cir. May 3, 2011); *Camp v. Allegheny County District Attorney's Office*, 2020 WL 2747472, at *7 (W.D. Pa. May 27, 2020).

---

[1] Given the subject matter of Plaintiff's complaint, this Court presumes that Plaintiff's reference to "PSP MLS" means Pennsylvania State Police Megan's Law Section.

Reviewing all of Plaintiff's filings, it is clear that, despite this Court's detailed instructions and its continued patience, Plaintiff has not cured any of the identified deficiencies. Plaintiff has failed to submit a viable pleading even after three attempts. Plaintiff has failed to state a claim upon which relief may be granted.

Generally, if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the Court should permit a curative amendment. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). However, the court "need not provide endless opportunities for amendment, especially where such opportunity already has been enjoyed." *Baker v. Moon Area Sch. Dist.*, 2018 WL 40571719, at *8 (W.D. Pa. Aug. 27, 2018) *quoting Taylor v. Pilewski*, 2008 WL 4861446, at *3 (W.D. Pa. Nov. 7, 2008). In the instant case, Plaintiff has already had three opportunities to identify a viable defendant and state a claim for relief. Despite receiving detailed and thorough instructions from the Court, Plaintiff has failed to do so. Because the undersigned concludes, as a matter of law, that Plaintiff cannot establish a constitutional violation based on the facts alleged in any of his pleadings, further leave to amend is futile. *Blackstone v. Richter*, 2013 WL 4766761, at *7 (W.D. Pa. Sept. 4, 2013) ("Because Plaintiff was previously informed that his original complaint was deficient, and he filed an Amended Complaint, the Court is not required to provide him with further leave to amend.") *citing Shelley v. Patrick*, 481 Fed. Appx. 34, 36 (3d Cir. 2012).

An appropriate Order follows.